**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4667**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

YORBY MENDOZA,

              Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.   Richard L.
Voorhees, District Judge.  (5:03-cr-00014-RLV-DSC-4)

Submitted:  June 17, 2011              Decided:  July 8, 2011

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA,
INC., Matthew R. Segal, Assistant Federal Defender, Asheville,
North Carolina; Steven George Slawinski, Assistant Federal
Defender, Charlotte, North Carolina, for Appellant. Anne M.
Tompkins, United States Attorney, Richard Lee Edwards, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yorby Mendoza pled guilty to one count of conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a), 846 (2006). Following his Rule 11 hearing, Mendoza fled the United States. Over three years later, he was arrested in Colombia and extradited. Upon his return, the district court held a sentencing hearing at which Mendoza sought to withdraw his guilty plea. The district court denied Mendoza's motion and sentenced him to 159 months in prison. Mendoza appeals. We affirm.

On appeal, Mendoza first contends that the district court erred in denying his motion to withdraw his guilty plea. The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "[A] defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Instead, he must show that a "fair and just reason" supports his request to withdraw his plea. Id. (internal quotation marks omitted). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

2

In determining whether Mendoza has carried his burden, the court considers six factors. Moore, 931 F.2d at 248. Although all the factors in Moore must be given appropriate weight, the key in determining whether a motion to withdraw should be granted is whether the Rule 11 hearing was properly conducted. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding was adequate. Lambey, 974 F.2d at 1394. Our review of the record leads us to conclude that the district court did not abuse its discretion in denying Mendoza's motion to withdraw his guilty plea.

Mendoza also claims that the district court erred in not allowing him to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d)(1). Specifically, Mendoza asserts that, because his plea proceeding was conducted by a magistrate judge and Mendoza moved to withdraw his plea in the district court before the district court accepted the plea, his plea had not yet been accepted and he was entitled to withdraw his plea "for any reason or no reason." Mendoza did not present this argument to the district court and therefore, this claim is reviewed for plain error. United States v. Benton, 523 F.3d 424, 429 (4th Cir. 2008). Under this standard, this court may correct an alleged error only if "[t]here [was] an error that is plain and

3

that affect[s] substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993) (internal quotation marks omitted). In Benton, this court found that where a defendant has consented to having his plea accepted by a magistrate judge, he may not later seek to withdraw his plea pursuant to Rule 11. Benton, 523 F.3d at 433. Because we conclude that Mendoza's plea was valid, his consent to enter that plea before the magistrate judge was likewise valid, and forecloses this claim.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED